

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| KYLE LINDSEY HAYLEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | C.A. No. 4:17-cv-00508 |
| | § | |
| COLONIEL LIFE & ACCIDENT | § | |
| INSURANCE COMPANY, | § | |
| | § | |
| Defendant. | § | |

## INDEX OF STATE COURT FILED DOCUMENTS

<u>**Date Received / Filed**</u>

| | | |
|---|---|---|
| 1. | Docket Sheet from Tarrant County, Texas, 96th Judicial District | N/A |
| 2. | Plaintiff's Original Petition | 5/25/17 |
| 3. | Return of Service of Citation on Colonial Life & Accident Insurance Company | 5/30/17 |

Respectfully submitted,


By:  /s/ Dennis M. Lynch
        Dennis M. Lynch
        State Bar No. 90001506
        dennis.lynch@figdav.com
        Roshanak Khosravighasemabadi
        State Bar No. 24048587
        rosh.khosravi@figdav.com

FIGARI + DAVENPORT, LLP
901 Main Street, Suite 3400
Dallas, Texas  75202-3796
(214) 939-2000
(214) 939-2090 (Facsimile)

ATTORNEYS FOR DEFENDANT
COLONIAL LIFE & ACCIDENT
INSURANCE COMPANY


## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been sent via the Court's ECF system to Mr. James D. Schull, The Law Office of James D. Schull, 8507 Benbrook Blvd., Suite F, Benbrook, Texas 76126, on this the 23rd day of June, 2017.


        /s/ Dennis M. Lynch
        Dennis M. Lynch

1

Case 4:17-cv-00508-A   Document 1-1   Filed 06/23/17   Page 5 of 24   PageID 9



**Tarrant County District Clerk Online**
Thomas A. Wilder, District Clerk

| Civil - Case and Transaction Information | 6/21/17 5:15 PM |
|---|---|

| Cause Number: | 096-292300-17 | Date Filed: 05-25-2017 |
|---|---|---|

|   KYLE LINDSEY HAYLEY |   | VS | |   COLONIAL LIFE & ACCIDENT |
|---|---|---|
|   |   | INSURANCE COMPANY |

| Cause of Action: | CONTRACT, FRAUD/MISREPRESENTATION |
|---|---|
| Case Status: | PENDING |

| File Mark | Description |  |  | Assessed Fee | Credit/Paid Fee |
|---|---|---|---|---|---|
| 05-25-2017 | PLTF'S ORIG PET | N | I | 284.00 |  |
| 05-25-2017 | COURT COST (PAID) trans #1 | Y |  |  | 284.00 |
| 05-25-2017 | CIVIL CASE INFO SHEET |  |  |  | 0.00 |
| 05-25-2017 | COPIES - SENT TO DP | N |  | 8.00 |  |
| 05-25-2017 | COURT COST (PAID) trans #4 | Y |  |  | 8.00 |
| 05-25-2017 | CIT-ISSUED ON COLONIAL LIFE & ACCIDENT INSURANCE COMPA-On 05/26/2017 | N | Svc | 8.00 |  |
| 05-25-2017 | COURT COST (PAID) trans #6 | Y |  |  | 8.00 |

**District Clerk's Office**

Tom Vandergriff Civil Courts Building

100 N. Calhoun St., 2nd Floor, Fort Worth, Texas 76196, Contact Us

Please send questions and comments regarding the District Clerk web site to District Clerk Webmaster

2

FILED
TARRANT COUNTY
5/25/2017 10:47:23 AM
THOMAS A. WILDER
DISTRICT CLERK

NO. _____096-292300-17_____

| | | |
|---|---|---|
| KYLE LINDSEY HAYLEY | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| V. | § | _____ DISTRICT COURT |
| | § | |
| COLONIEL LIFE & ACCIDENT | § | |
| INSURANCE COMPANY, | § | |
| Defendant. | § | TARRANT COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

**NOW COMES** KYLE LINDSEY HAYLEY, hereinafter called Plaintiff, complaining of and about COLONIEL LIFE & ACCIDENT INSURANCE COMPANY, hereinafter called Defendant, and alleges as follows:

### I. DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiff intends that discovery be conducted under Discovery Level 2.

### II. PARTIES AND SERVICE

2.      Plaintiff, KYLE LINDSEY HAYLEY is an individual located at 1217 Benbrook Terrace, Benbrook, Texas 76126.

4.      Defendant COLONIEL LIFE & ACCIDENT INSURANCE COMPANY, is a corporation doing business in the state of Texas and may be served through their registered agent Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas 78701-3218 doing business in the state if Texas and can be served through their registered agent:

### III. JURISDICTION AND VENUE

5.      The subject matter in controversy is within the jurisdictional limits of this court.

6.      Plaintiff seeks:

a.      monetary relief over $200,000 but not more than $1,000,000.

7.      This court has personal jurisdiction over the parties because Defendant is a Texas resident.

8.      Venue in TARRANT County is proper in this cause under Section 15.002(a)(1) of the Texas Civil Practice and Remedies Code because all or a substantial part of the events or omissions giving rise to this lawsuit occurred in this county.


## IV. FACTS

9.      On or around September of 2008 John Hayley Jr. (the "Insured") entered into a contract for a Critical Illness Life Insurance Policy (the "Policy") with the Defendant Insurance Company.

10.      The Policy that is the subject of this suit is policy number 4050206030.

11.      The Policy provides that benefits for the critical illness and procedures of a: "heart attack, stroke, end stage renal failure, major organ transplant, and coronary bypass surgery."

12.      "Heart Attack" is defined in the policy as the, "the death (infarction) of a portion of the heat muscles as a result of inadequate blood supply."

13.      The face amount of the Policy is $50,000.00.

14.      The Policy's effective date was October 1, 2008.

15.       The beneficiary on the Policy is the insured's wife, the Plaintiff.

16.      On May 22, 2016, the insured was found deceased at his home. Because he was found already deceased no life-saving procedures were attempted.

17.      At the time the insured passed away he was current with his premium payments. Premium payments were made with community funds.

18.     The cause of Mr. Hayley's death as list on his death certificate is "severe occlusive coronary atherosclerosis".

19.     Severe occlusive coronary atherosclerosis is a hardening of the arteries that can also slowly narrow the arteries throughout your body.

20.      A "heart attack" is a symptom of severe occlusive coronary atherosclerosis and "heart attack" is not a cause of death that would be listed on a death certificate by a medical examiner.

## V. BREACH OF CONTRACT

21.     Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

22.      The Insured entered into a valid written contract with the Defendant for the benefit of the plaintiff. Plaintiff is the proper party to bring this suit for breach of contract as the Policy was written and the contract we entered into specifically for the benefit of the plaintiff.

23.     Mr. Hayley tendered performance under the Policy by making his monthly premium payments up to and until the time of his passing.

24.     Defendant breached the contract by denying the plaintiff's claim. Specifically, defendant asserted the lack of "heat attack" being listed as the cause of death by the medical examiner.

25.     Defendant leans on semantics to deny the plaintiff what is rightfully hers. A heart attack is a symptom of the underlying disease that is listed on the Insured's death certificate as a cause of death. Defendant insurance company knows this, knows that the Insured had inadequate

blood supply to the heart as defined by the Policy and is still refusing to pay plaintiff's claim because of magic words absent the from the Insured's death certificate.

26.    The Defendant insurance company's refusal to pay the plaintiff has caused damages of the amount of the policy $50,000.00. Plaintiff is not asking for the benefit of what her husband bargained for in that amount.

27.    Plaintiff is also entitled to the recovery of reasonable and necessary attorney fees under Texas Civil Practice and Remedies Code section 38.001. Notice of intent to file a claim for breach of contract and for the quest of reasonable and necessary attorney fees is attached as exhibit "A".

## VI. ACTION FOR VIOLATION OF CHAPTER 541 AND 542

28.    Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

29.    As noted above, Defendant is engaged in the insurance business as that term is used in Section 541.002(2) of the Texas Insurance Code. Specifically, Defendant is engaged in the insurance business of issuing insurance policies. Defendant is therefore considered a "person" for purposes of liability under Section 541.002(2) and Section 542.002 of the Texas Insurance Code ("Chapter 541 and 542").

30.    Defendant violated Chapter 541 and 542 by engaging in the following acts and practices which constitute unfair methods of competition and/or unfair or deceptive acts or practices in the business of insurance:

a. Misrepresenting to a claimant a material fact or policy provision relating to coverage at issue. *Id.* § 541.060(a)(1); § 542.003(b)(1).

b. Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear. *Id.* § 541.060(a)(2)(A);§ 542.003(b)(4).

c. Refusing, failing, or unreasonably denying an offer to settle under applicable first-party coverage on the basis that other coverage may be available to the insured. *Id.* § 541.060(a)(5).

d. Refusing to pay a claim without conducting a reasonable investigation with respect to the claim. *Id.* § 541.060(a)(7).

31.     Furthermore, Defendant violated Chapter 541 in connection with its claim settlement practices in each of the following manners:

a. Misrepresenting the terms of any policy or any benefits offered thereunder. *Id.* § 541.051(1).

b. Misrepresenting an insurance policy by:

i) making an untrue statement of material fact;

ii) failing to state a material fact that is necessary to make other statements made not misleading under the circumstances;

iii) making a statement so as to mislead a reasonably prudent person to a false conclusion of a material fact;

iv) failing to disclose any matter required by law to be disclosed. *Id.* § 541.061.

32.     Defendant engaged in the foregoing conduct with an actual awareness of the falsity, unfairness and deceptiveness of its acts and omissions. Accordingly, Defendant is

deemed to have violated Chapter 541 and Chapter 542 "knowingly," as that term is used in Section 541.002(1) and Section 541.152(b).

33.    Plaintiff has standing to sue under Texas Insurance Code as she is a "person" who has suffered an injury during her course and dealing with an insurance company.

## VII. FRAUD

34.    Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

35.    Defendant represented to the Insured that if he were to die of a heart attack that the Plaintiff would receive a payment of the face amount of the Policy $50,000.00.

36.    This representation was material as it was the sole reason the Insured signed the Policy and the sole reason that the Insured kept current with his premiums.

37.    At the time the Defendant made this material representation the defendant knew that representation was false.  The Defendant insurance company either knew that its promise to pay in the event of a heart attack was false or the promise was made with recklessly without knowledge if that statement was true.

38.    Defendant made the promise to pay the plaintiff's claim in the event of a heart attack caused the insured's death.  This promise was made with the specific intent that the Insured would agree to pay the defendant premiums until the time of his passing.

39.    Defendant's statement was false in that at the time the reperesntation was made Defendant was aware the phrease "heart attack" would not be listed as a cause of death on an official document prepared by a medical examiner.  Simply put Defendant made a promise of future performance when the defendant had no intention of performing it.

40.    The defendant's actions, or in this case inaction, show that the defendant knows

that a "heat attack" is a symptom of an underlying disease, in this case being severe occlusive coronary atherosclerosis. Defendant knew they could rely on the diagnoses of severe occlusive coronary atherosclerosis to avoid payment at the time it made its material representation to the Insured.

41.     Insured's reliance on the defendant's representation as there is no other reasonable purpose the Insured would have signed an agreement and paid premiums to the benefit of the Defendant except of the promise of a future payment to the Plaintiff.

42.     Plaintiff was harmed the benefit-of-the-bargain being the face amount of the policy $50,000.00.

## VI. DAMAGES

43.     Plaintiff incorporates by reference the factual allegations contained in the preceding paragraphs.

44.     Defendant's conduct caused Plaintiff actual damages in the amount of $50,000.00.

45.     Plaintiff is also entitled to recover her reasonable and necessary attorney's fees pursuant to Section 541.152of the Texas Insurance Code and section 38.001 of the Texas Civil Practice and Remedies Code.

46.      Pursuant to *Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc.*, 962 S.W.2d 507 (Tex.1998))], Plaintiff is entitled to recover pre-and post-judgment interest, at the statutory rate or at such other rate as is set by this Court.

## VII. NOTICE

47.      Plaintiff, by and through counsel, gave written notice to the Defendant advising it

of the Plaintiff's specific complaints and the amount of actual damages, including reasonable attorneys' fees, incurred by the Plaintiff as of the date of the demand. A copy of this written notice is attached as Exhibit "B." Defendant failed to make any tender sufficient to make Plaintiff whole or to otherwise satisfy the requirements of Section 541.156. As a consequence, Defendant left Plaintiff with no option other than to bring this suit.

## X. ATTORNEY'S FEES

43.     Plaintiff is entitled to recover reasonable and necessary attorney's fees under Chapter 38 of the Texas Civil Practice and Remedies Code. Plaintiff sent a demand letter to defendant via certified mail.  Defendant has had more than 30 days to settle this matter with the Plaintiff before suit was filed.

## XI. EXEMPLARY DAMAGES

44.     The defendant made false representations to the Insured causing the plaintiff injury. These representations were made with actual awareness of their falsity. The defendant benefited from these her intentional and false representations to the plaintiff. Based on the facts stated herein, plaintiff requests exemplary damages be awarded to Plaintiff from Defendant based on the defendant's actual fraud, which entitles the Plaintiff to exemplary damages under Texas Civil Practice and Remedies Code section 41.003(a).

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Kyle Lindsey Hayley, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an

amount within the jurisdictional limits of the Court; exemplary damages, excluding interest, and

as allowed by Sec. 41.008, Chapter 41, Texas Civil Practice and Remedies Code, together with

pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate

allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further

relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,


By:  */s/ James D. Schull*
       James D. Schull
       Texas Bar No. 24029830
       Email:  james@benbrookattorney.com
       8507 Benbrook Blvd., Suite F
       Benbrook, TX 76126
       Tel. (817) 249-5300
       Fax. (817) 249-5312
       Attorney for Plaintiff


**PLAINTIFF HEREBY DEMANDS TRIAL BY JURY**

JAMES D. SCHULL, Esq.
Attorney at Law
james@benbrookattorney.com

The Law Office of

# JAMES D. SCHULL

A Texas Professional Corporation
8507 Benbrook Blvd. Suite F
Benbrook, TX  76126
(817) 249-5300
Tollfree1 (877) 249-5333
(817) 249-5312 Fax
www.benbrookattornev.com

March 22, 2017

*Via CMCR: 7015 0920 0001 9609 0559*
Colonial Life & Accident
Insurance Company
P.O. Box 1365
Columbia, South Carolina 29202

      Claimant: John Hayley
      Claim Number: 04050206030010 992171601
      Date of claim: May 22, 2016

To Whom It May Concern,

      This letter is in regards to policy number 4050206030 and your denial of claim for benefits. On May 22, 2016, John Hayley Jr. died as a result of a heart attack. Colonial Insurance and John Hayley were both parties to a contract in the form of a life insurance policy to be paid to Mr. Hayley's wife, Kyle Lindsey Hayley.

      On July 13, 2016, a letter was sent to Kyle Hayley denying the payment of benefits on the aforementioned policy. The justification for the denial was that the listed cause of death on the death certificate was "severe occlusive coronary atherosclerosis" and not simply the layperson version "heat attack". Your denial of benefits for this reason constitutes an unconscionable breach of contract and fraud. John Hayley's widow, Kyle Hayley, has retained this office to prepare this demand.

      "Heart attack" as defined by your very policy is, *"the death of a portion of the heart muscle as a result of inadequate blood supply"*. Occlusive coronary atherosclerosis is a condition by which the arteries harden causing a restriction of blood flow triggering a heart attack, exactly as described above. The Medical Examiner that performed the autopsy contacted Colonial Insurance and explained as much. You are now denying my client benefits she is rightfully entitled to because the medical examiner used medical vernacular instead of the layperson "heart attack". Again, to deny my client the benefits she is rightfully owed under your policy is unconscionable. Your attempt to justify your intentional misrepresentation, your fraud, and your breach of contract on semantics is even more unconscionable.

EXHIBIT

A

Based upon information given to my office we estimate my client's damages are $50,000. Of course, my clients reserve the right to adjust this amount to conform to the information and evidence that will become available to her at the time of trial should litigation become necessary. A suit for breach of contract will entitle my client to recover **all attorney's fees** paid when she prevails in any future litigation. Further, my client will ask that the court to award her exemplary damages, damages beyond the value of the contract, to punish Colonial Insurance for your egregious behavior in this matter.

The purpose of this letter is to encourage you to resolve this claim in a fair and equitable manner without the need for further legal action. In the event, you fail to respond to this letter within three (3) days of receipt with an acknowledgement that my client will be paid the complete $50,000.00 value of the policy this office will pursue any and all legal remedies available to my client. The lawsuit will assert that you breached a contract and committed an intentional fraud. Keep in mind that if suit is filed our client will seek any additional damages that may result such as litigation costs, courts fees, attorney's fees, and exemplary damages.

If you are interested in resolving this matter without the necessity of litigation, please contact this office within the next three (3) days of your receipt of this letter.

Thank you for your prompt attention to this matter.

Sincerely,

James D. Schull
Attorney at Law

Cc: Client
Encl.

James D. Schull
Attorney at Law
8507 Benbrook Blvd., Suite F
Benbrook, Texas  76126



7015 0920 0001 9609 0539

Colonial Life & Accident
Insurance Company
P.O. Box 1365
Columbia, South Carolina 29202



Colonial Life & Accident
Insurance Company
P.O. Box 1365
Columbia, South Carolina 29202

JAMES D. SCHULL, Esq.
Attorney at Law
james@benbrookattorney.com



The Law Office of
# JAMES D. SCHULL
A Texas Professional Corporation
8507 Benbrook Blvd. Suite F
Benbrook, TX 76126
(817) 249-5300
Tollfree1 (877) 249-5333
(817) 249-5312 Fax
www.benbrookattorney.com

April 26, 2017

***Via Facsimile: 1-800-880-9325***
Attn: Pam Hollis
Colonial Life & Accident
Insurance Company
P.O. Box 1365
Columbia, South Carolina 29202

      Claimant: John Hayley
      Claim Number: 04050206030010 992171601
      Date of claim: May 22, 2016

Dear Pam Hollis,

      This letter is in regards to policy number 4050206030 and your denial of claim for benefits. On May 22, 2016, John Hayley Jr. died as a result of a heart attack. Colonial Insurance and John Hayley were both parties to a contract in the form of a life insurance policy to be paid to Mr. Hayley's wife, Kyle Lindsey Hayley.

      On July 13, 2016, a letter was sent to Kyle Hayley denying the payment of benefits on the aforementioned policy. The justification for the denial was that the listed cause of death on the death certificate was "severe occlusive coronary atherosclerosis" and not simply the layperson version "heat attack". Your denial of benefits for this reason constitutes an unconscionable breach of contract and fraud. John Hayley's widow, Kyle Hayley, has retained this office to prepare this demand.

      "Heart attack" as defined by your very policy is, *"the death of a portion of the heart muscle as a result of inadequate blood supply"*. Occlusive coronary atherosclerosis is a condition by which the arteries harden causing a restriction of blood flow triggering a heart attack, exactly as described above. The Medical Examiner that performed the autopsy contacted Colonial Insurance and explained as much. You are now denying my client benefits she is rightfully entitled to because the medical examiner used medical vernacular instead of the



EXHIBIT
B

layperson "heart attack". Again, to deny my client the benefits she is rightfully owed under your policy is unconscionable. Your attempt to justify your intentional misrepresentation, your fraud, and your breach of contract on semantics is even more unconscionable.

This office is preparing to assert claims against you for violations of the sections 541 and 542 of the insurance code. Because of your violations of the insurance code my client has suffered actual damages in the amount of the policy proceeds $50,000.00. This office will also be asserting a claim against you for your violation of Texas Business and Commerce Code section 17.46(b), the Deceptive Trade Practices Act, for your intentional misrepresentations regarding the policy to my client and her deceased husband.

Should this claim result in litigation, my client will seek recovery of mental anguish damages in the amount of $1,000,000.00, and treble damages on the grounds that your conduct was committed knowingly. Additionally, my client will seek exemplary damages for the knowing and intentional fraud perpetrated by you. At this point in my client has incurred attorney fees amounting to $1,000.00 in the event of litigation this number will be adjusted upward and all court costs will be added.

The purpose of this letter is to encourage you to resolve this claim in a fair and equitable manner without the need for further legal action. In the event, you fail to respond to this letter within three (3) days of receipt with an acknowledgement that my client will be paid the complete $50,000.00 value of the policy this office will pursue any and all legal remedies available to my client. The lawsuit will assert that you breached a contract and committed an intentional fraud. Keep in mind that if suit is filed our client will seek any additional damages that may result such as litigation costs, courts fees, attorney's fees, and exemplary damages.

If you are interested in resolving this matter without the necessity of litigation, please contact this office within the next three (3) days of your receipt of this letter.

Thank you for your prompt attention to this matter.

Sincerely,

James D. Schull
Attorney at Law

Cc: Client
Encl.

TRANSMISSION VERIFICATION REPORT

```
                                  TIME  : 05/03/2017 14:27
                                  NAME  :
                                  FAX   :
                                  TEL   :
                                  SER.# : 000B2N287985
```

```
DATE,TIME              05/03  14:26
FAX NO./NAME           18008809325
DURATION               00:00:54
PAGE(S)                03
RESULT                 OK
MODE                   STANDARD
                       ECM
```

# Law Office of James D. Schull

**James D. Schull, Attorney**
8507 Benbrook Blvd., Suite F
Benbrook, Texas 76126
Phone: 817-249-5300
Fax: 817-249-5312

| | |
|---|---|
| **To:** | **Colonial Life & Accident Insurance Company** |
| | **Attn: Pam Hollis** |
| **Fax:** | 1-800-880-9325 |
| **From:** | Erica Thomas-Moya, Paralegal |
| **Date:** | May 3, 2017 |
| **Subject:** | *John Hayley Cause No. 1607869 DOD: May 23, 2016* |
| **Pages:** | ___3___ (Including this cover sheet) |

[X] Urgent    [X] Reply    [X] Please Review    ___ For Your Records

**Confidential Communication**: This fax is a confidential communication between the designated recipient and the designated sender of this fax. If you receive this fax in error please disregard and destroy.

**Message:** _____

_____

_____

3

**SERVICE COPY**

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

*CITATION*                    Cause No. 096-292300-17

KYLE LINDSEY HAYLEY
VS.
COLONIAL LIFE & ACCIDENT INSURANCE COMPANY

TO: COLONIAL LIFE & ACCIDENT INSURANCE COMPANY

B/S CORPORATION SERVICE CO-REG AGT 211 E 7TH ST STE 620 AUSTIN, TX 78701-321

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION
at or before 10 o'clock A.M. of the Monday next after
the expiration of 20 days after the date of service hereof before the 96th District Court
,100 N CALHOUN, in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas
said PLAINTIFF being

KYLE LINDSEY HAYLEY

Filed in said Court on May 25th, 2017 Against
COLONIAL LIFE & ACCIDENT INSURANCE COMPANY

For suit, said suit being numbered 096-292300-17 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION  a copy of which accompanies this citation.

JAMES D SCHULL
Attorney for KYLE LINDSEY HAYLEY Phone No. (817)249-5300
Address    8507 BENBROOK BLVD STE F BENBROOK, TX 76126

_____Thomas A. Wilder_____ , Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal
of said Court, at office in the City of Fort Worth, this the 26th day of May, 2017.

By *Anthony Ferrara*

ANTHONY FERRARA

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the
clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were
served this citation and petition, a default judgment may be taken against you.
Thomas A. Wilder, Tarrant County District Clerk, 100 N CALHOUN, FORT WORTH TX 76196-0402

OFFICER'S RETURN *09629230017000006*

Received this Citation on the _30th_ day of _May_ , _2017_ at _1:00_ o'clock _A_ M; and executed at
_211 E 7th St Suite 620_ within the county of _Travis_ , State of _Texas_ at _3:00_ o'clock _P_ M
on the _30th_ day of _May_ , _2017_ by delivering to the within named (Def.): _Colonial Life & Accident_
defendant(s), a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION _Insurance Company_
, having first endorsed on same the date of delivery. _B/S T's Registered Agent - Corporation Service_
_By Certified Mail_    _Company_
_SCH 9027_
_FWP 8.31.17_
Authorized Person/Constable/Sheriff: _____
County of _Tarrant_  State of _Texas_ By _____ Deputy

Fees $_____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)                        _____
County of _____, State of _____

*CITATION*

Cause No. 096-292300-17

KYLE LINDSEY HAYLEY

VS.

COLONIAL LIFE & ACCIDENT
INSURANCE COMPANY

ISSUED

This 26th day of May, 2017

Thomas A. Wilder
Tarrant County District Clerk
100 N CALHOUN
FORT WORTH TX 76196-0402

By      ANTHONY FERRARA Deputy

JAMES D SCHULL
Attorney for: KYLE LINDSEY HAYLEY
Phone No. (817)249-5300
ADDRESS: 8507 BENBROOK BLVD STE F

BENBROOK, TX 76126

*CIVIL LAW*



*096292300170000006*
SERVICE FEES NOT COLLECTED
BY TARRANT COUNTY DISTRICT CLERK
**SERVICE COPY**